**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ADVANTUS, CORP., a Florida
corporation,

                   Plaintiff,

vs.                                                          Case No. 3:13-cv-1430-J-32PDB

JEFF ALLEN, an individual, BERT HERRING,
an individual, and BIO FIBER SOLUTIONS
INTERNATIONAL, INC., a California
corporation,

                   Defendants.
_____

JEFF ALLEN,

                   Counter/Third-Party Plaintiff

vs.

ADVANTUS, CORP., KEVIN CARPENTER
and HARRY CHERNEK,

                   Counter/Third-Party Defendants.

_____

## <u>ORDER</u>

In this business dispute, the Court answers the limited question of whether one of the parties is judicially estopped from pursuing claims against the others because he failed to list the claims among his assets when he filed for bankruptcy.  Here, that answer is yes, and summary judgment is now due to be entered.

## I.      Background

In April 2012, Kevin Carpenter, Advantus, Corp.'s President, and Jeff Allen, owner of Canefields USA, negotiated an agreement for the distribution of Canefields' alternative fiber paper products in North America.  Although the parties did not both sign the same exact version of the contract (one was undated and included the word "draft"), for a short time they conducted business in general conformity with their stated arrangement.  The contract included an arbitration provision and, by mid-summer 2012, when Advantus determined Allen and his company were violating their agreement, Advantus invoked that provision. Before their arbitration concluded, Allen had declared bankruptcy.  Advantus, which ultimately obtained final judgment of $57,235.42 against Canefields USA when the arbitration award was confirmed in state court, sued Allen in November 2013 in this lawsuit seeking injunctive relief to extend the term of their agreement's non-compete provision.[1]  Allen then filed a counterclaim and third-party complaint against Advantus and two of its officers, Harry Chernek and Kevin Carpenter, alleging claims of unjust enrichment, tortious interference with a contract, tortious interference with advantageous business relationships, civil conspiracy, abuse of process, and breach of contract.  See Doc. 43 (Counterclaim and Third-Party Complaint).  In those claims, Allen seeks compensatory damages of over $1,000,000 plus punitive damages.  Id. at ¶¶ 50, 57, 58, 65, 66, 75, 76, 80, 83.

---

[1]Advantus did not seek monetary relief as to Allen, his debts having been discharged in the bankruptcy action.  Advantus sued other parties for damages but they have all settled. See Docs. 90, 93.

Chernek, Carpenter and Advantus (collectively, "Advantus") have moved for summary judgment on Allen's counterclaim and third-party complaint.  He responded, they filed a reply, he filed a sur-reply, and the Court held oral argument on the motion, the transcript of which is incorporated by reference.  <u>See</u> Doc. 64 (Motion for Summary Judgment); Doc. 69 (Response);[2] Doc. 78 (Reply); Doc. 87 (Sur-reply); Doc. 105 (Transcript).

## II.    The Doctrine of Judicial Estoppel

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." <u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1285 (11th Cir. 2002) (citing <u>New Hampshire v. Maine</u>, 532 U.S. 742, 750 (2001)). "Under this doctrine, a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" <u>Burnes</u>, 291 F.3d at 1285 (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000). "The purpose of the doctrine 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" <u>Id.</u> (quoting <u>New Hampshire</u>, 532 U.S. at 749-50).

In the Eleventh Circuit, the application of judicial estoppel "largely turns on two factors[:]" 1) "a party's allegedly inconsistent positions must have been made under oath in a prior proceeding[;] " and 2) "the inconsistencies must be shown to have been calculated to make a mockery of the judicial system." <u>Barger v. City of Cartersville, Ga.</u>, 348 F.3d 1289, 1293-94 (11th Cir. 2003) (citations and quotations omitted).  These factors are "not inflexible

---

[2]Advantus' motion to strike Allen's affidavit filed in support of his response (Doc. 77) is **denied**.

3

or exhaustive" and the court "must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine."[3] Id. at 1294 (citation omitted). "In the context of a bankruptcy case, judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the claims and had a motive to conceal them from the bankruptcy court." Muse v. Accord Human Res., Inc., 129 F. App'x 487, 488 (11th Cir. 2005) (citing DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003)). "A plaintiff possesses the requisite motive when it appears 'he gained an advantage' by failing to list claims on the schedule of assets." Marshall v. Electrolux Home Products, Inc., 2006 WL 3756574, *3 (M.D. Fla. Dec. 19, 2006) (quoting Barger, 348 F.3d at 1296). The district court must find the debtor's inconsistent positions to have been "intentional contradictions, not simple error or inadvertence." D'Antignac v. Deere & Co., 604 F. App'x 875, 2015 WL 1321570, *3 (11th Cir. 2015) (citing Burnes, 291 F.3d at 1286). Nonetheless, the court "may . . . infer intent from the record when the debtor has knowledge of the undisclosed claims and has motive to conceal them." Id. (citing Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275-76 (11th Cir. 2010)).

---

[3]The Supreme Court has enumerated additional factors that may inform a court's decision, including whether the present and earlier positions are "clearly inconsistent," whether the earlier tribunal "accepted the party's earlier position," and "whether the party seeking to assert an inconsistent position would derive an unfair advantage." New Hampshire, 532 U.S. at 750-51. See also, D'Antignac v. Deere & Co., 604 F. App'x 875, 2015 WL 1321570, *2 (11th Cir. Mar. 25, 2015) (discussing Supreme Court and Eleventh Circuit factors); Burnes, 291 F.3d at 1285-86 (concluding that the two factors considered in the Eleventh Circuit are consistent with those suggested by the Supreme Court).

III.    **The Application of Judicial Estoppel to Jeff Allen's Counterclaims**

In January 2013, Jeff Allen filed a Chapter 7 bankruptcy petition in the Northern District of New York.  See Doc. 64, Ex. N.  "A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court."  Burnes, 291 F.3d at 1286 (citing 11 U.S.C. § 521(1) and 541(a)(7)).  "Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system;" both creditors and the bankruptcy court rely on the debtor's full and honest disclosure in determining how to proceed.  Id. (quotation and citation omitted).  In his Chapter 7 petition, Allen, who was represented by counsel, swore that he had $801,444 in liabilities owed to 93 different creditors (Advantus among them) and only $158,861 in assets, which included his home and personal property valued at less than $4000.  Doc. 64, Ex. N., Schedules A, B, D, E, F.  Allen swore that he had no counterclaims (id. at Schedule B, item 21) and no executory contracts (id. at Schedule G).  Nowhere in his bankruptcy filing does he disclose any claims against Advantus and its officers.  Yet in this lawsuit, Allen has brought claims against Advantus and its officers arising out of their business relationship, which claims predated Allen's filing of his bankruptcy petition.  In fact, in his pleading in this case, Allen alleges that the tenuous financial predicament caused by the parties' soured arrangement left him "with no alternative but to declare bankruptcy."  Doc. 43 (Counterclaim and Third-Party Complaint) at ¶ 45.

Allen contends that his position in this lawsuit is not inconsistent with his position in the bankruptcy proceedings because he was unaware of his claims against Advantus at the time he filed his bankruptcy petition.  In an eleven page affidavit filed in support of his

position, Allen explains that because he "did not recognize the existence of any agreements with Advantus" he did not list them on Schedule G; and because "Advantus did not file a proof of claim against [him] in the bankruptcy," filing a claim against them "was not something [he] was thinking about in the context of the bankruptcy." Doc. 69-2 at ¶ 24. Allen therefore contends that the current claims he is asserting "were not purposely omitted from [his] bankruptcy petition nor were they omitted in bad faith." Id.

However, on two separate occasions during the several weeks before he filed his bankruptcy petition, Allen corresponded with the association handling the parties' arbitration and referenced the possibility of pursuing counterclaims against Advantus. Doc. 58-11 (Ex. K) at 3 (ADV3000078); Doc. 69-2 (Ex. K) at 95-96 (JA-191, JA-192). In this case, Allen seeks compensatory damages of over $1,000,000 plus punitive damages. Doc. 43 (Counterclaim and Third-Party Complaint) at ¶¶ 50, 57, 58, 65, 66, 75, 76, 80, 83. Through his bankruptcy petition, Allen successfully discharged several hundred thousand dollars in debts owed to his many creditors, all of whom, along with the bankruptcy court and trustee, undoubtedly would have been interested in a potential million dollar asset.[4]

Allen is a businessman. He owned a company engaged in international commercial transactions involving, he says, "multi-million dollar relationships" (Doc. 43 (Counterclaim and Third-Party Complaint) at ¶ 61), and he was represented by counsel in his bankruptcy proceeding. Even if a claim against Advantus "was not something [Allen] was thinking about"

---

[4]At oral argument, Allen contended that he had disclosed all of his assets to the bankruptcy trustee. The Court has reviewed the March 6, 2013 letter from the trustee to Advantus' attorney which Allen references (Doc. 63-3 at 2) and finds that it does not support the idea that Allen had advised the trustee of his claims against Advantus.

when he was completing his bankruptcy filings (as he professes in his affidavit, Doc. 69-2 at ¶ 24), the undisputed record proves he had knowledge of the claim when he communicated with the arbitration association just weeks before he filed his bankruptcy petition.  Additionally, given the size of the claim compared to his debts, Allen had a motive for its concealment.  It was by far the largest asset his bankruptcy estate would have held and, if realized, would have been sufficient to repay all his creditors in full.  By omitting it from his bankruptcy filing, Allen seeks to recover on the claim in this proceeding free of any creditor claims.  Construing the evidence in the light most favorable to Allen, no reasonable fact-finder could conclude that Allen was unaware at the time of the bankruptcy filing of claims valued by him at more than $1,000,000.  The Court finds as a matter of law that Allen has taken an inconsistent position, under oath, in a prior proceeding.  The Court further finds Allen's inconsistent position is an intentional contradiction, not simple error or inadvertence.  See Robinson, 595 F.3d at 1275-76 (holding that debtor had motive to conceal claim because, had she revealed it, it would become part of bankruptcy estate and would be distributed to creditors to satisfy her debts).  D'Antignac, 604 F. App'x 875, 2015 WL 1321570, *3; Barger, 348 F.3d at 1293-94; Burnes, 291 F.3d at 1286.[5]  These and all other

_____

[5]Thus, the facts here are distinguishable from those such as in Tedford v. United States, Case No. 8:05-cv-1017-T-30TGW, 2007 WL 1098506 (M.D. Fla. Apr. 12, 2007), upon which Allen relies, where the plaintiff was led to believe he did not have a claim.  Here, by contrast, the evidence shows that Allen was considering pursuing claims against Advantus before he filed for bankruptcy.  Moreover, his explanation (that he wasn't thinking about it), is not the same as an error or some other legitimate reason, such as occurred in Tedford where lawyers and a government agency had advised the plaintiff that he had no claim.  See id. at *3.

In reaching this decision, the Court rejects Allen's argument that Advantus' motion for summary judgment is premature because Allen has not had a chance to take sufficient

surrounding circumstances warrant the application of judicial estoppel to Allen's claims. Thus, Advantus' motion for summary judgment on Allen's counterclaims and third-party claims is due to be granted.[6]

Accordingly, it is hereby

**ORDERED**:

1.     Advantus, Corporation and third-party defendants Harry Chernek and Kevin Carpenter's Motion for Summary Judgment as to Jeff Allen's counterclaims and third-party claims (Doc. 64) is **granted**.

2.     Advantus' Motion for Rule 11 Sanctions (Doc. 65) is **denied** without prejudice. In the event the case proceeds, Advantus can seek to renew the motion if appropriate.

3.     At oral argument, Advantus intimated that if its motion for summary judgment on the counterclaim/third-party complaint were granted, the rest of the case would resolve

---

discovery. While that may be true as to some of the grounds upon which Advantus moved, Allen submitted an eleven page affidavit in support of his opposition brief and has not contradicted the record evidence that supports the Court's decision that judicial estoppel applies. None of the discovery that Allen proposed could undermine the consequence of the evidence before the Court on this point. The Court likewise rejects Allen's contention that the Court is precluded from making the necessary findings here because his affidavit creates a disputed issue of fact as to his intent. Eleventh Circuit authorities allow the Court to infer intent from the record unless the debtor either lacks knowledge of the claim or has no motive to conceal it. See, e.g., Burnes, 291 F.3d at 1287-88. Neither of those circumstances are present and Allen's intent is therefore inferred, notwithstanding his self-serving efforts to negate it through his affidavit. Allen's amended cross-motion for discovery (Doc. 84) is therefore **denied**.

[6]Because the Court finds Allen is barred from bringing his counterclaim and third-party claims on the grounds of judicial estoppel, the Court need not address the various additional grounds upon which Advantus claims summary judgment is due to be granted.

or be dismissed.  No later than **August 21, 2015** Advantus shall advise as to whether it intends to proceed on its complaint.  If so, the Court will set a revised case schedule.  In the meantime, Allen's Renewed Motion to Compel and for Protective Order (Doc. 95) is **denied without prejudice** to refiling as appropriate if the case goes forward.

4.     The Clerk shall delay entry of judgment on Allen's counterclaim and third-party complaint until further Order.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record

9